**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| THOMAS BALKE, TEBJES INC. d/b/a BASIC EQUIPMENT, and ULTRAWAVE TECHNOLOGY FOR EMULSION CONTROL, LLC d/b/a ULTRATEC, LLC, | § § § § § | |
| Appellants, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-937 |
| DON B. CARMICHAEL, KK & PK FAMILY, L.P., BARRY D. WINSTON, and GARY EMMOTT, | § § § § | |
| Appellees. | § § | |

## ORDER

Thomas E. Balke, TEBJES Inc. d/b/a Basic Equipment, and Ultrawave Technology for Emulsion Control LLC d/b/a Ultratec LLC appeal from the bankruptcy court's written order dated March 9, 2018, vacating its February 21, 2018, order. (Adversary No. 14-03375, Docket Entry No. 320). The March 9 written order requires the appellants to pay "the reasonable fees and costs incurred by the [appelles] for drafting the objection to the Motion and appearing at the hearing," and dismisses the appellants' motion to alter, amend, or vacate judgment and their alternate motion for a new trial. (Adversary No. 14-03375, Docket Entry No. 310). Based on the record and the applicable law, this court dismisses the appeal from the March 9, 2018, order for lack of jurisdiction.

District courts have appellate jurisdiction over a bankruptcy court's "final judgments, orders, and decrees," including interlocutory orders for which leave to appeal is granted. 28 U.S.C. § 158(a)(1), (3). The Fifth Circuit has explained that "[f]inality in bankruptcy cases is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the

1

conclusion of the entire litigation," and that a final order is "an order which ends a discrete judicial unit in the larger case." *England v. FDIC*, 975 F.2d 1168, 1172 (5th Cir. 1992) (citations omitted).

The bankruptcy court's March 9, 2018, order is interlocutory. While the bankruptcy court did order the appellants to pay reasonable fees, that order did not end the dispute. After ruling on the appellants' amended motion, the bankruptcy court still had to resolve the February 23, 2018, motion to alter, amend, or vacate judgment and the alternative motion for a new trial. (Adversary No. 14-03375, Docket Entry No. 282).

To appeal a bankruptcy court's interlocutory order, a party must file both a notice of appeal and a motion for leave to appeal. FED. R. BANKR. P. 8001. Bankruptcy Rule 8002, which requires a party to file its notice of appeal within 14 days after the order is entered, applies to interlocutory appeals. The Fifth Circuit has explained:

> Rule 8001(b) provides an interlocutory appeal is to be taken in the manner prescribed in Rule 8001(a); in turn, subpart (a) requires the notice to be filed within the time allowed by Rule 8002. Therefore, Rule 8002's time limits apply to interlocutory appeals. This is compelled by statute.

*In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001). The appellants' notice and motion for leave to appeal from the March 9, 2018, order should have been filed within 14 days after the order issued. The appellants filed their notice of appeal on March 9, but nothing in the record shows that they timely moved for leave to appeal this interlocutory order. *See* 28 U.S.C. § 158(a)(3).

Even if the appellants had timely moved for leave to appeal the March 9, 2018, order, this court would not exercise its discretion under Bankruptcy Rule 8003(c) to grant them leave to file this interlocutory appeal. The standard a district court uses in deciding whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a) is the same as the standard under 28 U.S.C.

2

§ 1292(b) for interlocutory appeals from district court orders. *Matter of Ichinose*, 946 F.2d 1169, 1176–77 (5th Cir. 1991). This requires the court to consider whether: "(1) a controlling issue of law [is] involved; (2) the question [is] one where there is a substantial ground for difference of opinion; and (3) an immediate appeal [will] materially advance the ultimate termination of the litigation." *Id.* Guided by *Ichinoise*, district courts in the Fifth Circuit have used the § 1292(b) factors to determine whether to grant leave to appeal from a bankruptcy court's interlocutory order. *See, e.g.*, *In re Hallwood Energy, L.P.*, No. 3:12-CV-1902-G, 2013 WL 524418, at *1 (N.D. Tex. Feb. 11, 2013); *Powers v. Montgomery*, No. 3:97-CV-1736-P, 1998 WL 159944, *2 (N.D. Tex. Apr. 1, 1998). Many district courts conclude that "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *Smith v. AET Inc., Ltd.*, No. C-07-123, 2007 WL 1644060, at *5 (S.D. Tex. June 4, 2007).

Not only was a motion for leave to appeal not filed, but the record also makes clear that interlocutory review of the bankruptcy court's March 9, 2018, order is not warranted. Resolving the appeal will not materially advance the termination of the bankruptcy, but will instead likely delay it further. The original motion to alter, amend, or vacate judgment and the alternate motion for a new trial remain under consideration. And no exceptional circumstances exist justifying immediate review under the collateral order doctrine. *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir.1986).

This court lacks jurisdiction to hear the appeal from the March 9, 2018, order. This civil action is dismissed.

SIGNED on January 28, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge